UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMASCUS CITIZENS FOR SUSTAINABILITY, INC. and CYNTHIA NASH,<br><br>Plaintiffs,<br><br>v.<br><br>SEAN DUFFY, SECRATARY, U.S. DEPARTMENT OF TRANSPORTATION, et al.<br><br>Defendants. | CIVIL ACTION NO. 3:25-CV-00625<br><br>(MEHALCHICK, J.) |

**ORDER**

Before the Court is an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction filed by Damascus Citizens for Sustainability, Inc. and Cynthia Dash (collectively "Plaintiffs) on April 8, 2025. (Doc. 8). Along with their motion, Plaintiffs filed a brief in support. (Doc. 9).

This case stems from Plaintiffs' opposition to the Defendant Pennsylvania Department of Transportation's ("PennDOT") planned demolition of the Skinners Falls-Milanville Bridge ("the Bridge") set to occur on April 10, 2025. (Doc. 9, at 1-2). The Bridge crosses over the Delaware River and connects Damascus Township, Pennsylvania, and Cochecton, New York. (Doc. 9, at 2). The Bridge is "listed in the National Register of Historic Places. . . and is also within the Upper Delaware Scenic and Recreational River." (Doc. 9, at 2). As the Court writes primarily for the parties to address the outstanding emergency motion, the Court will not further elaborate on the procedural and factual background of this matter. Instantly, Plaintiffs request that the Court temporarily restrain and enjoin Defendants from demolishing

the Bridge pending an evidentiary hearing on this matter. In response to the emergency motion, the Court held a telephonic conference on April 9, 2025 ("the Telephonic Conference") during which counsel for Plaintiffs and counsel for Defendants PennDOT, Secretary of the Pennsylvania Department of Transportation Michael B. Carroll ("Secretary Carroll"), and Governor Joshua Shapiro ("Governor Shapiro") briefly presented arguments. Defendants Sean Duffy, Secretary of the United States Department of Transportation, Kristen White, Acting Administrator, Federal Highway Administration, and T. Alicia Nolan, Administrator, Federal Highway Administration, did not participate in the call, as they have yet to be served and no counsel has entered an appearance on their behalf.

Both a temporary restraining order and a preliminary injunction constitute "an extraordinary and drastic remedy. . .that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citation omitted). Both remedies are intended to preserve the *status quo*. *See Bullock v. Carney*, 463 F. Supp. 3d 519, 523 (D. Del. 2020), *aff'd*, 806 Fed. Appx. 157 (3d Cir. 2020), *and aff'd*, 20-2096, 2020 WL 7038527 (3d Cir. June 4, 2020); *see also Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To determine whether to issue a temporary restraining order, the court assesses (1) whether the movant has "a reasonable probability of eventual success in the litigation"; (2) whether the movant "will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (4) "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–77 (3d Cir. 2017). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa.

2002). "[T]he claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.*, 887 F. Supp. 803, 809 (W.D. Pa. 1995).

The Court notes the "flexible" approach endorsed by the Court of Appeals for the Third Circuit, which requires courts to consider the factors "taken together," such that a plaintiff who shows great harm has leeway to show less success on the merits, or a plaintiff who shows less harm must show a high likelihood of success on the merits to warrant a preliminary injunction or temporary restraining order. *Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017), *as amended* (June 26, 2017); *see also Arthurton-Garvey v. Garvey*, 2024 VI SUPER 34U, ¶ 1 (Super. Ct. Sept. 18, 2024) (analyzing a temporary restraining order and stating "[t]he court must balance all factors under a sliding-scale analysis while weighing the relative strengths of each [. . . ] Thus, a weak showing of irreparable harm may be overcome by a strong showing on the merits and visa versa.") (citations omitted) (citing *3RC & Co. v Boynes Trucking System*, 63 V.I. 544, 553, 555-57 (V.I. 2015)); *Word Seed Church v. Vill. of Hazel Crest*, 533 F. Supp. 3d 637, 647 (N.D. Ill. 2021) ("the [c]ourt applies a 'sliding scale' approach under which 'the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor plaintiff's position.'") (quoting *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015)).

The Court will grant Plaintiffs' motion for a temporary restraining order. Plaintiffs have sufficiently argued each element necessary to grant their motion for a temporary restraining order. *Reilly*, 858 F.3d at 176–77. First, the Court finds that irreparable harm will occur if PennDOT demolishes the Bridge tomorrow, April 10, 2025, as planned. *See Weintraub v. Rural Electrification Administration, U. S. Dept. of Agriculture,* 457 F. Supp. 78, 89 (M.D. Pa. 1978) ("Because the Telegraph Building is in the process of being demolished right

now, the Plaintiffs have established irreparable harm if an injunction is not issued to prevent the destruction of the Telegraph Building."); *see also Potomac Heritage Trail Ass'n, Inc. v. United States Dep't of Transportation*, No. CV DLB-22-2482, 2022 WL 7051160, at *16 (D. Md. Oct. 11, 2022) (stating "[a]n imminent demolition of a major structure such as a bridge clearly constitutes an irreparable harm. See the demolition of a structure such as [a bridge] is irreparable*"); see also Concerned Citizens of Chappaqua v. U.S. Dep't of Transp.*, 579 F. Supp. 2d 427, 432 (S.D.N.Y. 2008). While counsel for Defendants Secretary Carroll and Governor Shapiro initially argued that there is a danger of collapse if the bridge remains intact, and further, that the bridge remaining as is during the recreational high season (after Memorial Day) could cause injury to those using the river, counsel conceded that a delay of two days until after a full hearing on the injunctive relief sought, would not delay demolition before Memorial Day. As such, the harm to other third-parties and the public interest is minimal with the entry of a TRO and the scheduling of a prompt hearing.

Plaintiffs' also have sufficiently argued they have a reasonable probability of success on the merits, Plaintiffs posit that Defendants "unlawfully relied on 'emergency' exceptions to" Section 4(f) of the Department of Transportation Act ("Section 4(f)"), the National Environmental Policy Act ("NEPA"), and the National Historic Preservation Act ("NHPA") to circumvent otherwise required analysis, assessments and processes in approving the April 10th demolition of the Bridge. (Doc. 9, at 3). For example, Plaintiffs assert that the NEPA applies to the Bridge's demolition because the project is funded by Defendant Federal Highway Administration ("FHWA"). (Doc. 9, at 1, 4). Plaintiffs argue under the NEPA, federal agencies are to prepare a detailed statement called an Environmental Impact Statement, or EIS, that evaluates the environmental impacts and potential alternatives to any

4

proposed "major Federal actions significantly affecting the quality of the human environment." (Doc. 9, at 3-4); 42 U.S.C. § 4332(2)(C). The Government is exempt from providing an EIS only if a "Categorical Exclusion" ("CE") applies because, as described by Plaintiffs, CEs are actions that have been determined to not "individually or cumulatively have a significant environmental effect." (Doc. 9, at 4-5). Plaintiffs assert that while Defendants have used an "emergency repairs" CE to justify exempting the Bridge's demolition from the NEPA's EIS requirement, this CE cannot be properly applied to this case. (Doc. 9, at 4-5); *see* 23 C.F.R. § 771.117(c)(9) (creating a CE for emergency repairs to "transportation facilities damaged by an incident resulting in an emergency"). For the purposes of the instant motion, the Court finds this argument sufficient to warrant the injunctive relief sought. During an evidentiary hearing, the parties will be better positioned to argue whether this CE was properly invoked for the Bridge's demolition.[1] Thus, for the purposes of this emergency motion, Plaintiffs have sufficiently argued that that the Bridge does not qualify for the CE cited by Defendants, and have demonstrated a "a reasonable probability of eventual success in the litigation."[2] *Reilly*, 858 F.3d at 176–77.

The remaining two factors, "the possibility of harm to other interested persons from the grant or denial of the injunction" and "the public interest" also weigh in favor of the entry

---

[1] The Court notes that under the sliding scale approach for temporary injunctive relief, a strong showing of imminent harm counterbalances a weaker showing of probability of eventual success. *Reilly*, 858 F.3d at 178 (affirming that preliminary injunctions are to consider the relevant factors with a sliding scale approach). In this case Plaintiffs have made a particularly strong showing of irreparable harm, so the need to present a strong showing of probability of success is alleviated.

[2] Because this Court finds Plaintiffs have demonstrated a sufficient probability of success on their NEPA claim, the Court need not address the other statutes cited by Plaintiffs for purposes of the instant motion.

5

of a temporary restraining order. Here, "[t]he comparison of harm to the Government as opposed to the harm to [Plaintiffs] turns most on matters of public interest because these considerations 'merge when the Government is the opposing party.'" *Marland v. Trump*, 498 F. Supp. 3d 624, 642 (E.D. Pa. 2020) (quoting *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 332 (3d Cir. 2020). This considered and as discussed above, the harm to interested persons should the temporary retraining order not be entered is irrevocable, and the potential harm in delaying the demolition by two days pending a full argument and evidentiary hearing is far less.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Emergency motion for a temporary restraining order is **GRANTED** pending a full hearing on the motion for preliminary injunction. (Doc. 8). An evidentiary hearing and oral argument will be held on **Friday, April 11, 2025, at 9:00 AM** in Courtroom #1 of the William J. Nealon Federal Building and United States Courthouse, 235 North Washington Avenue, Scranton, Pennsylvania or, if necessary and with prior notice by the parties, via Zoom.

                                                    BY THE COURT:

Date: April 9, 2025                                 *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States District Judge**